# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TENNESSEE
## AT KNOXVILLE

| | |
|---|---|
| HOLLY WHITSELL, ) | Case Number: _____ |
|    Plaintiff ) | JURY TRIAL DEMANDED |
| ) | |
|   v. ) | |
| ) | |
| RB HOTEL PARK VISTA, LLC, ) | |
| DAVIDSON HOTEL COMPANY, LLC ) | |
| HILTON WORLDWIDE, INC ) | |
|    Defendants ) | |

## COMPLAINT

COMES NOW the Plaintiff, HOLLY WHITSELL, by and through her undersigned counsel, and files this Complaint for damages against the above captioned Defendants. In support of her complaint, the Plaintiff would show the Court as follows:

## PARTIES

1. Plaintiff, Holly Whitsell, ("Ms.Whitsell") is an adult citizen and resident of Knox County in the State of Tennessee.

2. Defendant, RB Park Vista, LLC ("ParkVista") is a Delaware Limited Liability Company with its principle place of business located at 4100 Regent Street, Ste G, Columbus, OH 43219-6160. RB Park Vista can be served with process through its registered agent COGENCY GLOBAL, INC 992 Davidson Dr., Ste B, Nashville, TN 37205-1051. The Park

Vista - A Doubletree Hotel is owned by RB Hotel Park Vista, LLC under a franchise agreement with Hilton Worldwide.

3. Defendant Davidson Hotel Company, LLC ("Davidson") is a Delaware Limited Liability Company with its principle place of business located at 1 Ravinia Dr., Ste 1600, Atlanta, GA 30346-2109 and can be served with process through its registered agent CT CORPORATION SYSTEM Ste 2021, 800 S. Gay Street, Knoxville, TN 37929-9710. Davidson is the management company for The Park Vista- a Doubletree Hotel.

4. Defendant Hilton Worldwide, INC ("Hilton") is a Delaware Corporation with its principle place of business located at 166 Tysons Blvd., FL 10 McLean, VA 22102-4859 and can be served with process though its registered agent CORPORATION SERVICE COMPANY 2908 Poston Ave., Nashville, TN 37203-1312.

## JURISDICTION AND VENUE

5. The District Court has jurisdiction over this matter pursuant to 28 U.S.C §1332, because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00.

6. Venue is proper in the Eastern District of Tennessee based on 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

## FACTS

7. On November 28, 2016, Ms. Whitsell arrived at The Park Vista – A Doubletree by Hilton Hotel located at 705 Cherokee Orchard Road, Gatlinburg, Tennessee, 37738 to check-in for a two-night stay pursuant to a reservation made and paid in full on September 30, 2016. Ms.

2

Case 3:17-cv-00506-JRG-HBG   Document 1   Filed 11/27/17   Page 2 of 12   PageID #: 2

Whitsell chose to make a reservation at the Park Vista because it is a well-respected hotel advertised and operated under the Hilton Hotel brand name associated with quality customer care worldwide. Ms. Whitsell relied on the reputation of the Park Vista specifically and the Hilton Hotel brand generally when choosing a hotel.

8. The Park Vista is an upscale hotel and well-known landmark overlooking downtown Gatlingburg, Tennessee offering scenic views of the Great Smoky Mountains National Park ("GSMNP").

9. On Wednesday, November 23, 2016, a fire is detected on the Chimney Tops 2 hiking area of the GSMNP. The GSMNP had suffered a severe drought and had been without rain for several weeks prior to the fire being reported. The Park Vista is approximately 6 miles by car from the Chimney Tops 2 trail.

10. On Sunday, November 27, 2016, the fire continued to spread and gained momentum. Local news and weather reports stated that high winds were predicted which would increase the fire's spread due to the dry conditions in the area.

11. By Monday, November 28, 2016 at 7:30 AM, the fire was spotted at Newfound Gap Road, approximately 15 miles by car from the Park Vista. As of 2:00 PM, the fire had crossed over Twin Creeks Road, approximately 2 miles by car from the Park Vista and was heading toward the city of Gatlinburg.

12. On Monday, the National Park Service ("NPS") issued an air quality advisory for Sevier County section of the GSMNP and adjacent areas stating that particulate matter from smoke along with the strong winds exceeded the human health standards and people should limit exposure. Also by midafternoon, a voluntary evacuation of Gatlinburg was issued by the Gatlinburg Fire Department.

3

13. Ms. Whitsell arrived at the Park Vista at approximately 4:00 PM on Monday, November 28, 2016. There were several other guests checking in and in the lobby at approximately the same time.

14. As Ms. Whitsell entered the lobby, she noticed smoke hanging in the air and voiced her concerns with the desk clerk checking her and the other guests in. Specifically, she asked if it was safe to check-in since there was smoke present in the lobby. The desk clerk assured Ms. Whitsell that there was no threat and that the "fire was 15 miles away" and if needed, the hotel would give the guests "plenty of time to get out" if the fire got closer. Ms. Whitsell also overheard other guests checking in expressing concerns about checking in and being assured by hotel staff that there was nothing to worry about. *At no time did the Park Vista advise Ms. Whitsell that a voluntary evacuation of Gatlinburg was already in place*.

At the time Ms. Whitsell checked-in, the Park Vista was in the superior position to determine the safety of its guests in their immediate control inside the hotel and had the independent authority to turn Ms. Whitsell away citing the dangers of the looming fire. Instead, the Park Vista disregarded Ms. Whitsell's health and safety and checked her in while assuring her that they would advise her to leave if it was too dangerous to stay. The Park Vista failed to put their guests' health and safety first.

15. At the check-in counter, the desk clerk was wearing a face mask and handed Ms. Whitsell a face mask along with the cookie customarily offered at check-in at all Doubletree Hotels. The cookie would be the only food Ms.Whitsell would have at the Park Vista because shortly thereafter, the smoke and the fire caused a shut-down of the restaurants. Ms. Whitsell is a Type 1 insulin dependent diabetic and needs to eat at regular intervals to maintain her blood sugar levels.

4

16. At check-in, the desk clerk asked Ms. Whitsell to move her car away from the perimeter of the parking lot and park it in the center of the parking lot closer to the hotel. Ms. Whitsell complied with the request. The Park Vista offered no explanation as to why the car needed to be moved closer to the hotel.

17. Ms. Whitsell was checked into room # 1312. A short while later, she received a voice mail on her room phone from a Park Vista official offering her a room on a lower level if it was getting difficult to breathe. Some windows on the higher levels were busted out by firefighters to allow some of the smoke in the hotel to escape. Ms. Whitsell was fearful for her life while alone in her hotel room and went back down to the lobby where other guests had congregated.

18. Approximately an hour after checking in, Ms. Whitsell and at least 40 other guests, were unable to leave the hotel because the road leading to the hotel had been blocked by fallen trees Firefighters would not allow anyone to leave because it was unsafe to be outside due to the high winds and the dangerous level of smoke and embers in the air. *At no time did the Park Vista warn Ms. Whitsell and the other guests that the fire was close, and they needed to evacuate*.

19. Ms. Whitsell and other guests huddled in the hotel lobby unable to leave and fearing for their lives as the fire got closer and closer to the hotel and the lobby filled with dark, smothering smoke. Media images show the fire right outside the windows licking higher and higher up the building and in the parking lot. After staying down in the lobby for a few hours, Ms. Whitsell went to her room #1312 because the smoke was too thick in the lobby and she was having trouble breathing. The elevators were not working so she took the stairs up to the 13th floor.

20. Ms. Whitsell stayed in her room crying and terrified that she would die there in the hotel. Ms. Whitsell was afraid that if she went to sleep that she would die from smoke inhalation. She

5

also feared that the she would be trapped in the hotel and die engulfed in flames. Due ot the situation, her fears were real and reasonable. Any reasonable individual would fear for their lives when put in this situation with no way to escape.

21. At approximately 2:30AM on Tuesday November 29, 2016, after spending several hours alone in her room, Ms. Whitsell was rescued by firefighters and first responders who helped her down to the lobby and then to her car. Her vehicle was escorted off of the mountain to safety.

22. Since that night, Ms. Whitsell's life has never been the same.

23. Since returning home after the fire, Ms. Whitsell has not been able eat or sleep normally; she wakes at night with nightmares of being trapped in a fire; she missed work due to the trauma she experienced; she has suffered from flashbacks and gets anxious when she smells fire burning; she has lost some weight and hair; she saw a therapist and is currently in treatment to manage her anxiety and has been diagnosed with Post Traumatic Stress Disorder ("PTSD"). Ms. Whitsell has been unable to enjoy her life as she did prior to the fire and will need continued treatment for her PTSD in the future.

## CAUSES OF ACTION

**I. NEGLIGENCE**

24. The Plaintiff, Ms. Whitsell, re-alleges and incorporates by reference herein all of the allegations contained in paragraphs 1-23 above.

25. The collective Defendants negligently and recklessly checked-in Ms. Whitsell when it was obvious that the conditions of the hotel were unsafe and were getting worse by the minute. The collective Defendants had a duty to provide a safe hotel room for Ms. Whitsell and to

6

safeguard her from the imminent fire. The collective Defendants breached that duty when the Park Vista staff checked-in Ms. Whitsell with the knowledge that the fire was nearby and that smoke was already filling up the hotel.

26. The collective Defendants negligently and recklessly put Ms. Whitsell in harm's way when the Park Vista desk clerk stated that the hotel would advise Ms. Whitsell to leave if it became too dangerous to stay. The collective Defendants breached their duty of care when the Park Vista staff failed to advise Ms. Whitsell to evacuate before it became too dangerous for her and the other guests to leave.

27. It was foreseeable to the collective Defendants that the fire would reach the hotel putting Ms. Whitsell and the other guests in danger because the news media was reporting on the high winds and rapid spread of the fire as it headed directly for the hotel.

28. The collective Defendants were in a superior position to gauge the seriousness of the situation and nevertheless negligently and recklessly allowed Ms. Whitsell and other guests to check in to the hotel. It is a reasonably foreseeable probability that had the Park Vista desk clerk warned Ms. Whitsell about the encroaching fire and refused to check her in as a safety precaution, then she would have left the hotel in time before the road was blocked and she would not have suffered the physical and emotional trauma she sustained from being trapped in the hotel during the fire. It was in the collective Defendant's power to avoid the situation that caused Ms. Whitsell's injuries, and her injuries probably would not have occurred but for the Park Vista desk clerk checking her into the hotel on November 28, 2016.

29. It was foreseeable to the collective Defendants that the hotel was unsafe for Ms. Whitsell and the other guests because the Park Vista desk clerk handed out face masks to the guests

7

Case 3:17-cv-00506-JRG-HBG   Document 1   Filed 11/27/17   Page 7 of 12   PageID #: 7

checking in due to all of the smoke in the hotel. The collective Defendants knew, or should have known, that the smoke in the hotel would cause Ms. Whitsell damage due to smoke inhalation. Furthermore, the collective Defendants knew, or should have known, that the fire would reach the hotel shortly after Ms. Whitsell arrived because there was an active voluntary evacuation already in place in Gatlinburg and various news media agencies were reporting on the encroaching fire. Park Vista's actions and/or inactions were the actual and proximate cause of Ms. Whitsell's damages.

30. Defendant Davidson is directly responsible for the day-to-day management and policies of the Park Vista. Therefore, the negligence and reckless disregard for Ms. Whitsell's safety while she was a guest of the Park Vista can be imputed to Defendant Davidson. Defendant Davidson's actions and/or inactions were the direct and proximate cause of Ms. Whitsell's damages.

31. Defendant Hilton is directly responsible for the negligence and reckless disregard for Ms. Whitsell's safety while she was a guest of the Park Vista because the Park Vista operates as a Hilton brand. The Hilton brand has a superior reputation throughout the world for a high level of service in the hospitality industry and Ms. Whitsell relied on this reputation when booking her stay at the Park Vista. Defendant Hilton's actions and/or inactions were the direct and proximate cause of Ms. Whitsell's damages.

## II. INTENTIONAL OR RECKLESS INFLICTION OF EMOTIONAL DISTRESS

32. The Plaintiff, Ms. Whitsell, re-alleges and incorporates by reference herein all of the allegations contained in paragraphs 1-31 above.

33. Ms. Whitsell avers that the collective Defendants' intentionally or recklessly disregarded her safety by checking her into the hotel and withholding the information on the voluntary

8

evacuation of Gatlinburg. Additionally, the collective Defendants intentionally or recklessly advised Ms. Whitsell that they would tell her if it became too dangerous for her to stay in the hotel and then failed to tell her to leave before the road leading out of the hotel was blocked.

34. The collective Defendants' conduct was extreme and outrageous as to shock the conscience of the public and is conduct the general public would not expect from an upscale and famous hotel chain.

35. By failing to protect Ms. Whitsell and advising her to evacuate the premises, the collective Defendants' conduct resulted in a serious mental or emotional injury to Ms. Whitsell that she is currently being treated for in therapy and will continue to need to be treated for in the future.

### III. NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

36. The Plaintiff, Ms. Whitsell, re-alleges and incorporates by reference herein all of the allegations contained in paragraphs 1-35 above.

37. Ms. Whitsell re-avers all of the elements of negligence as stated in paragraphs 24-31 above.

38. Ms. Whitsell further avers that due the collective Defendants' negligence she is suffering from a serious mental or emotional injury and is currently being treated for PTSD in therapy and will need to be continue treatment for the foreseeable future.

### IV. FAILURE TO WARN

39. The Plaintiff, Ms. Whitsell, re-alleges and incorporates by reference herein all of the allegations contained in paragraphs 1-38 above.

40. Ms. Whitsell avers that the collective Defendants failed to warn her of the dangers of staying in the hotel while the fire was approaching. The collective Defendants knew or should have known that the fire would cause damage in the Gatlingburg area and that Ms. Whitsell would be safe if she left the hotel prior to checking in.

41. Ms. Whitsell avers that the collective Defendants had knowledge of a voluntary evacuation of Gatlinburg at the time the Ms. Whitsell arrived at the hotel but failed to advise her of the voluntary evacuation.

42. Ms. Whitsell avers that the collective Defendants failed to warn her of the dangers of smoke inhalation and that staying in the smoke-filled hotel would be dangerous to her health and safety.

43. Ms. Whitsell avers that the collective Defendants failed to warn her to leave before the hotel became unsafe for occupancy despite the desk clerk stating that they would provide notice in "plenty of time" for her to leave if the fire got too close to the hotel.

44. Ms. Whitsell avers that the collective Defendants had prior knowledge of the dangers of the encroaching fire and failed to warn her in time for her to leave the hotel even though they had superior knowledge of the conditions inside the hotel in order to make an independent determination of the safety of its guests and patrons within their immediate control. The collective Defendants had the independent and ultimate authority to turn away Ms. Whitsell away citing the dangers of the looming fire.

## V.  BREACH OF CONTRACT

45. The Plaintiff, Ms. Whitsell, re-alleges and incorporates by reference herein all of the allegations contained in paragraphs 1-44 above.

46. Ms. Whitsell avers that the collective Defendants breached their contract by failing to provide a safe hotel room that was booked and pre-paid prior to her arrival. Ms. Whitsell was unable to use her hotel room and was unable to enjoy any of the amenities advertised such as the exercise facilities and the restaurants.

47. Ms. Whitsell did not receive any benefit of the contract and was only refunded for her room booking fee more than 8 months after the fire.

10

## DAMAGES

48. The Plaintiff, Ms. Whitsell re-alleges and incorporate by reference herein all of the allegations contained in paragraphs 1-47 above.

49. As a direct and proximate result of the collective Defendants' alleged gross negligence and reckless disregard for her safety, the Plaintiff sustained the following damages for which she brings this cause of action against the collective Defendants:

(a) All past, present and future medical expenses;

(b) Loss of earnings and earning capacity;

(c) Loss of wages;

(d) Pain and suffering, both past and future;

(e) Temporary and/or permanent physical and mental impairment;

(f) The loss of the pleasures and enjoyment of life; and

(g) Punitive damages

(h) All other damages allowed under the state of Tennessee.

## PRAYER FOR RELIEF

The Plaintiffs, respectfully pray that this Honorable Court grant the following relief:

1) Issue a summons requiring the Defendants to answer this complaint;

2) Empanel a jury to try this case;

3) Award the Plaintiff the full measure of damages available under Tennessee law for this personal injury and premises liability action in an amount to be determined at trial;

4) Award Plaintiff her reasonable attorneys' fees;

5) Award costs of this action including discretionary costs; and

6) Award any such other or further relief as may be set out in this complaint or as otherwise available at law or equity to which this Court deems the Plaintiff may be entitled to receive.

Respectfully submitted this November 27, 2017 by,

                        HOLLY WHITSELL, Plaintiff

                        /s/*Kimberly Cambron*
                        Kimberly Cambron (MI70317)
                        Counsel for Plaintiff
                        1400 N. 6th Ave., Ste C2
                        Knoxville, TN 37917
                        Phone (865) 850-2898
                        Kim@FreshStartTennessee.com