# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | |
|---|---|
| HOLLY WHITSELL, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )    Docket No. 3:17-CV-506-JRG-HBG |
| | ) |
| RB HOTEL PARK VISTA, LLC, | )    JURY DEMAND |
| DAVIDSON HOTEL COMPANY, LLC, | ) |
| and HILTON WORLDWIDE, INC., | ) |
| | ) |
|     Defendant. | |

## ANSWER

Comes now the Defendant, **RB HOTEL PARK VISTA, LLC**, by and through counsel, and in Answer to the Complaint filed against it states as follows:

1. Based upon information and belief, the allegations set forth in Paragraph 1 of the Plaintiff's Complaint are admitted.

2. The allegations set forth in Paragraph 2 of the Plaintiff's Complaint are admitted.

3. The allegations set forth in Paragraph 3 of the Plaintiff's Complaint are admitted.

4. The allegations set forth in Paragraph 4 of the Plaintiff's Complaint are admitted.

5. The allegations set forth in Paragraph 5 of the Plaintiff's Complaint are admitted.

6. The allegations set forth in Paragraph 6 of the Plaintiff's Complaint are admitted.

7. The allegations set forth in Paragraph 7 of the Plaintiff's Complaint are admitted in part and denied in part. It is admitted that the Plaintiff made a two-night reservation and paid for reservation in full on September 30, 2016. It is also admitted that the Plaintiff arrived and checked in at the subject hotel on November 28, 2016, however, any averments inconsistent with the foregoing set forth in Paragraph 7 of the Plaintiff's Complaint are denied and strict proof

thereof is demanded. Furthermore, this Defendant is without sufficient information to either admit or deny the allegations pertaining to Ms. Whitsell's decision to make said reservation.

8. The allegations set forth in Paragraph 8 of the Plaintiff's Complaint are admitted.

9. The allegations set forth in Paragraph 9 of the Plaintiff's Complaint are admitted.

10. The allegations set forth in Paragraph 10 of the Plaintiff's Complaint are admitted in part and denied in part. While the wild fire continued to spread, it was still well within the confines of the Great Smoky Mountains National Park. Further, while high winds were predicted, the National Weather Service also predicted rain in the overnight hours and on Monday, November 28, 2016.

11. The allegations set forth in Paragraph 11 of the Plaintiff's Complaint are denied as stated.

12. The allegations set forth in Paragraph 12 of the Plaintiff's Complaint are denied as stated.

13. The allegations set forth in Paragraph 13 of the Plaintiff's Complaint are admitted in part and denied in part. It is admitted that the Plaintiff checked in at the Park Vista Hotel at approximately 4:00p.m. on Monday, November 28, 2016, however, Defendant is without sufficient information to either admit or deny the remaining allegations set forth in Paragraph 13 of the Plaintiff's Complaint.

14. Defendant is without sufficient information to either admit or deny the various allegations set forth in Paragraph 14, including all sub-parts, of the Plaintiff's Complaint. Therefore, Defendant denies the allegations and demands strict proof thereof if its rights are to be affected. Defendant specifically denies that it disregarded Ms. Whitsell's health and Defendant specifically denies that it failed to put their guests' health and safety first and therefore demands

strict proof thereof. Further, Defendant denies that the City of Gatlinburg or any other government authority had ordered evacuations of any sort. To the contrary, government officials advised against evacuations for fear that people would drive into danger.

15. Defendant is without sufficient information to either admit or deny the various allegations set forth in Paragraph 15, including all sub-parts, of the Plaintiff's Complaint. Therefore, Defendant denies the allegations and demands strict proof thereof if its rights are to be affected.

16. The allegations set forth in Paragraph 16 of the Plaintiff's Complaint are admitted in part and denied in part. It is admitted that the park asked the Plaintiff and all guests to move their vehicles from the perimeter of the parking into the center of the parking lot for precautionary reasons, however, any averments inconsistent with the allegations set forth in Paragraph 16 of the Plaintiff's Complaint are denied and strict proof thereof is demanded.

17. The allegations set forth in Paragraph 17 of the Plaintiff's Complaint are admitted in part. It is admitted that a voicemail message had to be left on the Plaintiff's phone in room #1312, offering her a room on a lower level, however, Defendant is without sufficient information to either admit or deny the remaining allegations set forth in Paragraph 17 of the Plaintiff's Complaint.

18. The allegations set forth in Paragraph 18 of the Plaintiff's Complaint are admitted in part. It is admitted that firefighters would not allow anyone to leave, however, Defendant denies the remaining allegations set forth in Paragraph 18 of the Plaintiff's Complaint.

19. This Defendant is without sufficient information to either admit or deny the allegations in Paragraph 19 of the Plaintiff's Complaint. Therefore, Defendant denies the allegations and demands strict proof thereof if its rights are to be affected.

20. This Defendant is without sufficient information to either admit or deny the allegations in Paragraph 20 of the Plaintiff's Complaint. Therefore, Defendant denies the allegations and demands strict proof thereof if its rights are to be affected.

21. This Defendant is without sufficient information to either admit or deny the allegations in Paragraph 21 of the Plaintiff's Complaint. Therefore, Defendant denies the allegations and demands strict proof thereof if its rights are to be affected.

22. This Defendant is without sufficient information to either admit or deny the allegations in Paragraph 22 of the Plaintiff's Complaint. Therefore, Defendant denies the allegations and demands strict proof thereof if its rights are to be affected.

23. This Defendant is without sufficient information to either admit or deny the allegations in Paragraph 23 of the Plaintiff's Complaint. Therefore, Defendant denies the allegations and demands strict proof thereof if its rights are to be affected.

24. This Defendant re-asserts its responses to Paragraphs 1-23 of the Plaintiff's Complaint.

25. This Defendant denies the allegations set forth in Paragraph 25 of the Plaintiff's Complaint and therefore demands strict proof thereof.

26. This Defendant denies the allegations set forth in Paragraph 26 of the Plaintiff's Complaint and therefore demands strict proof thereof.

27. This Defendant denies the allegations set forth in Paragraph 27 of the Plaintiff's Complaint and therefore demands strict proof thereof.

28. This Defendant denies the allegations set forth in Paragraph 28 of the Plaintiff's Complaint and therefore demands strict proof thereof.

29. This Defendant denies the allegations set forth in Paragraph 29 of the Plaintiff's Complaint and therefore demands strict proof thereof.

30. This Defendant denies the allegations set forth in Paragraph 30 of the Plaintiff's Complaint and therefore demands strict proof thereof.

31. The allegations set forth in Paragraph 31 of the Plaintiff's Complaint are not directed at this Defendant and thus no response is required.

32. This Defendant re-asserts its responses to Paragraphs 1-31 of the Plaintiff's Complaint.

33. This Defendant denies the allegations set forth in Paragraph 33 of the Plaintiff's Complaint and therefore demands strict proof thereof.

34. This Defendant denies the allegations set forth in Paragraph 34 of the Plaintiff's Complaint and therefore demands strict proof thereof.

35. This Defendant denies the allegations set forth in Paragraph 35 of the Plaintiff's Complaint and therefore demands strict proof thereof.

36. This Defendant re-asserts its responses to Paragraphs 1-35 of the Plaintiff's Complaint.

37. This Defendant re-asserts its responses to Paragraphs 24-31 of the Plaintiff's Complaint.

38. This Defendant denies the allegations set forth in Paragraph 38 of the Plaintiff's Complaint and therefore demands strict proof thereof.

39. This Defendant re-asserts its responses to Paragraphs 1-38 of the Plaintiff's Complaint.

40. This Defendant denies the allegations set forth in Paragraph 40 of the Plaintiff's Complaint and therefore demands strict proof thereof.

41. The allegations set forth in Paragraph 41 of the Plaintiff's Complaint are denied.

42. This Defendant denies the allegations set forth in Paragraph 42 of the Plaintiff's Complaint and therefore demands strict proof thereof.

43. This Defendant denies the allegations set forth in Paragraph 43 of the Plaintiff's Complaint and therefore demands strict proof thereof.

44. This Defendant denies the allegations set forth in Paragraph 44 of the Plaintiff's Complaint and therefore demands strict proof thereof.

45. This Defendant re-asserts its responses to Paragraphs 1-44 of the Plaintiff's Complaint.

46. This Defendant denies the allegations set forth in Paragraph 46 of the Plaintiff's Complaint and therefore demands strict proof thereof.

47. This Defendant denies the allegations set forth in Paragraph 47 of the Plaintiff's Complaint and therefore demands strict proof thereof.

48. This Defendant re-asserts its responses to Paragraphs 1-47 of the Plaintiff's Complaint.

49. This Defendant denies the allegations set forth in Paragraph 47 of the Plaintiff's Complaint, including sub-parts (a) through (h) and therefore demands strict proof thereof.

50. This Defendant denies that Plaintiff is entitled to any relief whatsoever from it pursuant to the allegations contained in Paragraphs 1-6 of Plaintiff's Complaint following the words, "The Plaintiffs, respectfully pray…," on pages 11-12 of the Plaintiff's Complaint.

## AFFIRMATIVE DEFENSES

1. All allegations contained in the Plaintiff's Complaint not heretofore admitted, explained, or denied are now generally denied as if such denial was set forth specifically herein.

2. Plaintiff has requested various relief in the prayer for relief paragraph at the end of the Plaintiff's Complaint. This Defendant denies that the Plaintiff is entitled to the requested judgment or relief, money damages, costs or any additional relief or alternative relief with respect to this Defendant. More specifically, Defendant denies that Plaintiff has asserted any theory or cause of action upon which attorneys' fees or punitive damages could be awarded. Defendant moves for a dismissal of said claims for failure to state a claim upon which relief can be granted.

3. Defendant RB Hotel Park Vista, LLC avers that at all pertinent times it employees exercised reasonable and ordinary care with regard to the management of the subject hotel.

4. Defendant RB Hotel Park Vista, LLC avers that the injuries, damages, and losses claimed by the Plaintiff, if any, were the result of an unavoidable natural disaster so far as this Defendant is concerned in that the accident occurred notwithstanding Defendant's employee's exercise of reasonable and ordinary care. Further, the wild fire, which consumed large parts of the City of Gatlinburg, was completely unforeseeable in that the fire, which was aided by a wind event without any of the predicted rain, spread suddenly and without warning. Defendant relied upon the instructions given to it by local authorities, including the fire department which was on the property.

5. If the facts show that at the time of the accident for which the Plaintiff complains, the Plaintiff was guilty of negligence herself; this Defendant reserves the right to assert that the Plaintiff's negligence is equal to or greater than the negligence of this Defendant, and that the Plaintiff will be barred from recovery. In the alternative, it is averred that the Plaintiff was guilty of a substantial degree of negligence requiring a reduction of damages in proportion to the degree of the Plaintiff's negligence. Defendant would aver that Plaintiff had equal access to all information available to Defendant with respect to governmental warnings and news reporting regarding the fire.

6. This Defendant affirmatively avers that any injuries sustained by the Plaintiff were not caused by the acts or omissions of this Defendant and that said injuries were pre-existing in nature and were not caused by this Defendant, and thus, no judgment can be entered against this Defendant for any previous said injury.

7. To the extent Plaintiff's Complaint states a claim for punitive damages, this Defendant would show that the Complaint fails to state a cause of action upon which relief may be granted as to this Defendant.

8. This Defendant would further show that no act or omission on the part of Defendant RB Hotel Park Vista, LLC was intentional, fraudulent, malicious or reckless, under which the standards set forth in the State of Tennessee, including but not limited to those standards set forth in *Hodges v. S. C. Toof & Co.*, 833 S.W.2d 896 (Tenn. 1992) and its progeny, must be shown by clear and convincing evidence, and as such, any award of punitive damages under the standards set forth in the State of Tennessee is unwarranted as to this Defendant.

8

Case 3:17-cv-00506-JRG-HBG Document 17 Filed 04/10/18 Page 8 of 10 PageID #: 80

9. Any award of punitive damages jointly and severally is violative of procedural safeguards provided to this Defendant under the Sixth Amendment of the United States Constitution and punitive damages are penal in nature. Consequently, this Defendant are entitled to at least the same safeguards as those afforded criminal defendants.

10. This Defendant moves that the punitive damages phase be bifurcated from the liability phase of this cause in accordance with the principals set forth in *Hodges v. S. C. Toof & Co.*, 833 S.W.2d 896 (Tenn. 1992) and its progeny.

11. This Defendant respectfully requests and reserves the right to plead additional affirmative defenses or other defenses as discovery in this case develops.

12. This Defendant reserves the right to alter or amend this Answer, in keeping with further discovery to be conducted in this cause.

**WHEREFORE**, having fully answered the Complaint filed against it, this Defendant prays for a jury of twelve (12) persons to try this cause.

Respectfully submitted,

**LAW OFFICES OF JULIE BHATTACHARYA PEAK**

_____/s/ J. Chad Hogue_____
J. Chad Hogue (#025457)
*Attorney for RB Hotel Park Vista, LLC*
5409 Maryland Way, Suite 212
Brentwood, TN 37027
Telephone: (615) 986-7700
Fax: (800) 293-7597

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been sent via U.S. Mail, postage pre-paid, to the following individual:

Kimberly Cambron, Esq.
Attorney at Law
1400 North 6th Avenue, Suite C2
Knoxville, TN 37917

on this the 10th day of April, 2018.

                                           */s/ J. Chad Hogue*
                                           J. Chad Hogue